Exhibit "E"

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement") is made by and between

The Law Offices of Bruce J. Chasan, LLC, Bruce J. Chasan, Esq., ~~Lenwood Hamilton~~,

John M. Pierce, Esq, and the law firm Pierce Bainbridge Beck Price & Hecht, LLP

(including its partners, associates, and employees), and including any and all

representatives, agents, servants, successors in interests, and/or assigns of all of the

foregoing.

## RECITALS

A.     On or about Dec. 31, 2016, Lenwood Hamilton engaged The Law Offices

of Bruce J. Chasan, LLC to represent him in a civil action pertaining to Hamilton's right

of publicity and related claims against Epic Games, Inc., Lester Speight, and Microsoft

Corporation (including certain divisions and subsidiaries of Microsoft Corporation),

regarding the alleged use of Hamilton's likeness and voice in the *Gears of War*

videogame series, and on that date Hamilton signed an Engagement Letter provided by

the Law Offices of Bruce J. Chasan, LLC;

B.     The Engagement Letter signed by Hamilton on or about Dec. 31, 2016

provided numerous terms including, *inter alia*, that the representation claims would be

handled as a contingent fee matter, but if Hamilton terminated the representation, he

would be liable for hourly attorney's fees on a quantum meruit basis;

C.     On January 11, 2017, Attorney Bruce J. Chasan, Esq., of The Law Offices

of Bruce J. Chasan, LLC filed a civil action complaint in the U.S. District Court for the

1

Eastern District of Pennsylvania, *Lenwood Hamilton v. Lester Speight, et al.*, No. 2017-cv-0169-AB, to assert Hamilton's right of publicity claims;

      D.      Attorney Chasan filed an Amended Complaint for Hamilton on or about Feb. 14, 2017, and a Second Amended Complaint on or about April 14, 2017;

      E.      Attorney Chasan responded to motions to dismiss the Amended Complaint and the Second Amended Complaint, and on December 18, 2017, the court denied the motion to dismiss the Second Amended Complaint;

      F.      Attorney Chasan framed and served discovery to the defendants;

      G.      Attorney Chasan worked with Hamilton to craft objections and responses to discovery requests served to Hamilton by the Defendants;

      H.      In about mid-March 2018, Attorney Chasan was introduced to Attorney John M. Pierce, Esq. as someone who might be able to co-counsel with Chasan and bring financing to pay the expenses of the litigation;

      I.      On or about March 20, 2018, Chasan arranged for Hamilton to meet with Pierce and himself at the premises of The Law Offices of Bruce J. Chasan, LLC, in Philadelphia, PA to discuss possible joint representation and financing the litigation;

      J.      Hamilton had had no prior contact with Pierce before the March 20, 2018 meeting at the premises of The Law Offices of Bruce J. Chasan, LLC;

      K.      On or about March 27, 2018, Hamilton terminated the representation of Chasan and the Law Offices of Bruce J. Chasan, LLC, and retained Pierce and Pierce's law firm, Pierce Bainbridge Beck Price & Hecht, LLP;

2

L.       Hamilton terminated Chasan without payment of any accrued hourly fees based on quantum meruit;

M.       On or about March 28, 2018, Chasan brought to Pierce's attention that Hamilton was liable to the Law Offices of Bruce J. Chasan, LLC, for attorney's fees, which amounted to approximately $320,000 based on hourly billing, and Chasan requested payment from Pierce Bainbridge Beck Price & Hecht, LLP;

N.       On or about April 28, 2018, Chasan informed Pierce that because neither Hamilton nor anyone else had paid the accrued legal fees of The Law Offices of Bruce J. Chasan, LLC, the Law Offices of Bruce J. Chasan, LLC and Chasan would seek recourse by filing a lawsuit against Pierce and the law firm Pierce Bainbridge Beck Price & Hecht, LLP;

O.       On or about May 1, 2018, Pierce initiated settlement negotiations with Chasan to resolve the dispute over payment of attorney's fees;

P.       In view of Pierce's settlement overture, Chasan and The Law Offices of Bruce J. Chasan, LLC refrained from filing suit and engaged with Pierce over a period of more than four months to exchange settlement proposals.

<u>**TERMS**</u>

1.       **Payment**.  Lenwood Hamilton and Pierce Bainbridge Beck Price & Hecht, LLP, or either of them, singly or in combination, shall pay The Law Offices of Bruce J. Chasan, LLC the sum of One Hundred Sixty Thousand Dollars ($160,000.00) in full satisfaction of any and all claims of any nature against Lenwood Hamilton, Pierce Bainbridge Beck Price & Hecht, LLP and any of its employees, attorneys, Associates,

3

Co-Counsel, Partners, including its Managing Partner, John M. Pierce, and any successor

law firm to Pierce Bainbridge Beck Price & Hecht, LLP, and any of its accountants,

bookkeepers or independent contractors, that could be asserted by The Law Offices of

Bruce J. Chasan, LLC and Bruce J. Chasan, Esq., and any successor law firm to The Law

Offices of Bruce J. Chasan, LLC, against any of them, whether or not any such claims

arise out of Attorney Chasan's representation of Hamilton in the case of *Lenwood*

*Hamilton v. Lester Speight, et al.*, Case Number 2017-cv-0169-AB filed in the U.S.

District Court for the Eastern District of Pennsylvania.

2.      **No other payment**. Except for the payment in paragraph 1 above, there

will be no further payment to The Law Offices of Bruce J. Chasan, LLC or Bruce J.

Chasan, Esq. of any kind for any reason by Pierce Bainbridge Beck Price & Hecht, LLP,

or John M. Pierce, Esq., or Lenwood Hamilton, regardless of the outcome of Hamilton's

right of publicity case in the U.S. District Court in the Eastern District of Pennsylvania.

3.      **Release by Chasan Parties**. In consideration of the payment in paragraph

1 above, The Law Offices of Bruce J. Chasan, LLC and Bruce J. Chasan, Esq. henceforth

remise, release and forever discharge any and all claims demands, actions, causes of

action, suits, debts, torts or contracts whatsoever, in law or at equity, against Lenwood

Hamilton, Pierce Bainbridge Beck Price & Hecht, LLP, any successor to the law firm of

Pierce Bainbridge Beck Price & Hecht, LLP, and any of its employees, attorneys,

Associates, Co-Counsel, Partners, including its Managing Partner, John M. Pierce, and

any of its accountants, bookkeepers or independent contractors, that could be asserted by

4

The Law Offices of Bruce J. Chasan, LLC and Bruce J. Chasan, Esq. against any of them,

whether or not any such claims arise out of Attorney Chasan's representation of Hamilton

in the case of *Lenwood Hamilton v. Lester Speight, et al.*, Case Number 2017-cv-0169-

AB filed in the U.S. District Court for the Eastern District of Pennsylvania.

      4.     **Release by John Pierce and by the Pierce Bainbridge law firm**. John M.

Pierce, Esq., and Pierce Bainbridge Beck Price & Hecht, LLP, henceforth remise, release

and forever discharge any and all claims, demands, actions, causes of action, suits, debts,

torts or contracts whatsoever, in law or at equity,  against The Law Offices of Bruce J.

Chasan, LLC and Bruce J. Chasan, Esq., any successor to the law firm of The Law

Offices of Bruce J. Chasan, and any employees, attorneys, Associates, Co-Counsel,

Partners, including Bruce J. Chasan, and any of its accountants, bookkeepers or

independent contractors, whether or not any such claims arise out of Attorney Chasan's

representation of Hamilton in the case of *Lenwood Hamilton v. Lester Speight, et al.*,

Case Number 2017-cv-0169-AB filed in the U.S. District Court for the Eastern District of

Pennsylvania.

      5.     **Non-disparagement**. John M. Pierce, Esq., and Pierce Bainbridge Beck

Price & Hecht, LLP (the "Pierce Bainbridge Parties") on one side, and The Law Offices

of Bruce J. Chasan, LLC and Bruce J. Chasan, Esq. (the "Chasan Parties") on the other

side, each agree to non-disparagement of anyone among the signatories to this Settlement

Agreement, whether or not in connection with the handling of Hamilton's right of

publicity case in the U.S. District Court for the Eastern District of Pennsylvania.

6.      **No Admission of Liability**. The payment in paragraph 1 above shall not be construed as an admission of liability; the payment is being made solely for the purpose of compromising disputed claims and avoiding the uncertainty, nuisance and expense of litigation.

7.      **Warranties**. The Chasan Parties warrant that they know of no other persons who have any interest in attorney's fees in connection with Hamilton's right of publicity case in the U.S. District Court for the Eastern District of Pennsylvania;   The Pierce Bainbridge Parties each warrant that they know of no other persons who have any interest in the Chasan Parties' handling of Hamilton's right of publicity case in the U.S. District Court for the Eastern District of Pennsylvania.

8.      **Signatures in Counterparts Acceptable**. This Settlement Agreement may be signed in counterparts, and may be delivered via electronic mail or facsimile, and such delivery shall bind the parties.

9.      **Time and Manner of Payment**. The $160,000.00 payment called for in paragraph 1 above shall be made within seven (7) days of the execution of this Settlement Agreement by all signatories to this Settlement Agreement; said payment may be made by check payable to The Law Offices of Bruce J. Chasan, LLC, or by wire transfer to the Chasan Law Offices' IOLTA account in PNC Bank, Philadelphia, PA, Routing No. 031000053, Account No.

10.    **Parties**. The provisions of this Settlement Agreement shall be binding upon and inure to the benefit of the successors, assigns, heirs, beneficiaries, and personal representatives of the signatories hereto.

6

WITH THE SOLE EXCEPTION OF ANY OF THE CHASAN PARTIES BRINGING AN ACTION ON THE BASIS THAT THE CHASAN LAW OFFICES OR THE LAW OFFICES OF BRUCE J. CHASAN, LLC, HAS NOT RECEIVED THE FULL $160 000.00

11. **Third Parties**. Except as expressly provided herein, no third party is intended to secure any rights or benefits under this Settlement Agreement.

12. **Modification**. This Settlement Agreement may be modified only by the mutual express written consent of the signatories to this Settlement Agreement.

13. **Advice of Counsel**. The undersigned represent and warrant that they are competent adult individuals duly authorized to execute this Settlement Agreement and have had the advice of counsel regarding the advisability of executing this Settlement Agreement.

14. **Governing Law, Jurisdiction, and Venue.** This Settlement Agreement shall be governed and interpreted by the laws of the Commonwealth of Pennsylvania and any dispute related to the signatories to this Settlement Agreement shall have its jurisdiction in Pennsylvania and its venue in Philadelphia if John M. Pierce, ~~Lenwood Hamilton~~, the law firm of Pierce Bainbridge Beck Price & Hecht, LLP, or any successor to the law firm of Pierce Bainbridge Beck Price & Hecht brings a lawsuit against The Law Offices of Bruce J. Chasan, LLC and/or Bruce J. Chasan or any successor law firm to The Law Offices of Bruce J. Chasan, ~~and~~ this Settlement Agreement shall be governed and interpreted by the laws of the State of California and any dispute will have its jurisdiction in California and its venue in Los Angeles if the Law Offices of Bruce J. Chasan, LLC and/or Bruce J. Chasan brings a lawsuit against John M. Pierce, ~~Lenwood Hamilton~~, the law firm of Pierce Bainbridge Beck Price & Hecht LLP, or any successor to the law firm of Pierce Bainbridge Beck Price & Hecht LLP. IF ANY OF THE CHASAN PARTIES BRINGS AN ACTION ON THE BASIS THAT THE CHASAN LAW OFFICES OR THE LAW OFFICES OF BRUCE J. CHASAN, LLC DID NOT RECEIVE THE FULL $160,000.00, THEN THAT ACTION SHALL HAVE ITS JURISDICTION IN PENNSYLVANIA WITH ITS VENUE IN PHILADELPHIA

15.     **Severability**.  If any term or provision of this Settlement Agreement is
determined to be illegal, invalid or unenforceable under any present or future law by the
final judgment of a court of competent jurisdiction, the remainder of this Settlement
Agreement will not be affected thereby.

16.     **Integration Clause**.  This Settlement Agreement represents the entire
agreement between the parties and there are no representations, warranties, or agreements
other than those expressly set forth herein.

      **Intending to be legally bound hereby**, this Agreement has been signed by
the Parties below.


Sworn to and subscribed before me this

_____ day of _____, 2018




_____          _____

Notary Public                                        Bruce J. Chasan, Esq.




Sworn to and subscribed before me this
_____ day of _____, 2018


_____          _____

Notary Public                                        Law Offices of Bruce J. Chasan, LLC


8

Sworn to and subscribed before me this
_____ day of _____, 2018


_____          _____
Notary Public                            John M. Pierce, Esq.

Sworn to and subscribed before me this
_____ day of _____, 2018


_____          _____
Notary Public                            Pierce Bainbridge Beck Price &
                                         Hecht, LLP

~~Sworn to and subscribed before me this~~
~~_____ day of _____, 2018~~


~~Notary Public~~                            ~~Lenwood Hamilton~~

9