# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Law Offices of Bruce J. Chasan, LLC and Bruce J. Chasan, Esq.<br><br>Plaintiffs<br><br>vs.<br><br>Pierce Bainbridge Beck Price & Hecht, LLP, and John M. Pierce, Esq.<br><br>Defendants | Civ. Action No. 2:18-cv-5399-AB |

**PLAINTIFFS' SECOND DISCOVERY MOTION TO COMPEL DEFENDANTS TO ANSWER INTERROGATORIES AND PRODUCE DOCUMENTS AS REQUESTED IN PLAINTIFFS' WRITTEN DISCOVERY REQUESTS**

Pursuant to Fed.R.Civ.P. 37(a)(1), Plaintiffs hereby move the Court for an Order overruling Defendants' objections to Plaintiffs' written discovery requests and compelling Defendants to respond to the written discovery requests expeditiously. In support of this Motion, Plaintiffs aver as follows:

1. On 2/21/2019, this Court entered a Scheduling Order (ECF 21) which set a deadline of July 1, 2019 for all discovery.

2. On 2/23/2019, Plaintiffs served their First Set of Requests for Production of Documents to Defendants and their First Set of Interrogatories to Defendants.

3. On 3/25/2019, the parties jointly filed a "Stipulated Protective Order" for the Court's consideration and approval (ECF 27), and the Court approved the said Order the next day (ECF 28).

4. Also on 3/25/2019, late in the evening, Defendants served their Responses to Plaintiffs' First Set of Requests for Production of Documents and Things (**Exh. E** hereto)[1] and declined to provide any requested documents and materials responsive to eight of the nine requests. The only Request Defendants indicated they would comply with was Request No. 6.

5. Also on 3/25/2019, late in the evening, Defendants served their Responses to Plaintiffs' First Set of Interrogatories (**Exh. F** hereto), and they objected to all four interrogatories and said they would not answer them.

6. Defendants' myriad objections are baseless, and it is clear they wish to delay this case as long as possible and erect burdensome hurdles to the completion of discovery.

7. Defendants' defenses to this case are that there was no settlement because Lenwood Hamilton did not approve it, yet they oppose producing any documentation that would shed light on whether Hamilton had any basis for withholding his consent to the settlement (if in fact that is what happened).

8. Plaintiffs regard Hamilton's "consent" as unnecessary, and it serves only as a convenient prop that Defendants invoke as a pretext to cover up the fact they decided to use the $160,000.00 in settlement funds for other purposes.

9. As explained more fully below, this Motion is supported by excerpts from the deposition testimony of Lenwood Hamilton filed of record in his "right of publicity" ("ROP") case in this Court, No. 17-cv-0169-AB, at ECF 110-6 (an exhibit

---

[1] Exhibit labeling picks up with "E" to distinguish the exhibits for this Motion from the exhibits submitted in Plaintiffs' First Discovery Motion (ECF 26).

to the Motion for Summary Judgment filed Epic Games, the Microsoft parties, and Lester Speight), which excerpts are collected here in **Exh. G** (attached).

10.   This Motion is also supported by a Declaration by Plaintiff Chasan, mainly in connection with a conversation he had with David L. Hecht, Esq. on Dec. 19, 2019 (**Exh. H** hereto).

11.   As set forth in the Complaint in this case, at ¶¶ 39-40, Jim Bainbridge sent Chasan a modified "Settlement Agreement" (**Exh. C** to Complaint, ECF 1-3) on 10/30/2018 that included changes that Chasan did not agree to, as stated in a reply email also sent on 10/30/2018.  Chasan elaborated on his concerns in another email and memo that he sent to Bainbridge on 10/31/2018, and later in the day on 10/31/201, Bainbridge sent another email (**Exh. I** hereto) which floated an idea to kick back some money to Mr. Hamilton:

> My idea is that Pierce Bainbridge would still pay the $160,000, but $30,000 of that would go to Skip, which I believe might dramatically change the dynamic.  Yes, you would be getting $30,000 less, but you would be buying a great deal of peace while still getting $130,000 immediately, and while allowing Skip to share slightly in the monetary settlement.
>
> If you give me the go ahead, I will get this latest idea run by Skip. Prior to this email, neither Skip nor anyone at PB was aware of my suggestion. Skip is not receiving a copy of this email as I do not want to offer him anything unless you agree to the proposal.

12.   Undersigned Plaintiffs' counsel certifies that on 3/26/2019, he invited defense counsel to join a good faith "meet and confer" telephone call to see if some or all of the discovery disputes could be resolved.  Defense counsel agreed to a "meet and confer" discussion to be held on March 27, 2019, but defense counsel postponed it twice, to March 29, 2019.  When the "meet and confer" occurred, counsel discussed a number of issues, including relevance (which is Defendants'

principal objection, by their own admission), confidentiality, privilege, a privilege log, etc.[2] Plaintiffs agreed to wait until 5 PM, April 1, 2019 (when Defense Counsel agreed to respond to matters discussed in the "meet and confer"), before filing any discovery motion, to see if Defendants would withdraw at least some of their objections.  However, at 4:46 PM on 4/1/2019, Defendants' counsel sent an email advising that Defendants were adhering to all of their objections.

WHEREFORE, in light of the evidence and the arguments by Plaintiffs in the accompanying Memorandum of Law, it is requested that the Court overrule Defendants' objections and compel full and complete responses to the interrogatories and to the requests for production of documents.

Dated:  April 1, 2019

Respectfully submitted,

 /s/ Bruce J. Chasan

_____
Bruce J. Chasan, Esq. (Pa. I.D. 29227)
Law Offices of Bruce J. Chasan, LLC
Two Penn Center – Suite 312
Philadelphia, PA 19102
215-567-4400
bjchasan@brucechasanlaw.com


/s/ John J. Cunningham, IV

_____
John J. Cunningham, IV, Esq. (Pa. I.D. 70975)
Lamb McErlane PC
24 E. Market Street
West Chester, PA 19381
610-430-8000
jcunningham@lambmcerlane.com

---

[2]  The parties also discussed whether there would need to be an extension of the discovery cutoff deadline in view of the unresolved discovery motions and agreed not to resist a reasonable extension, if needed.

## CERTIFICATE OF SERVICE

I, Bruce J. Chasan, hereby certify that on April 1, 2019, I caused a true and correct copy of the foregoing Plaintiffs' Second Discovery Motion to Compel Defendants to Answer Interrogatories and Produce Documents as Requested in Plaintiffs' written Discovery Requests, with Exhibits, to be served upon counsel for the Defendants via the Court's electronic filing system, as follows:

Timothy J. O'Driscoll, Esq.
Jessica E. Loesing, Esq.
Drinker, Biddle & Reath, LLP
One Logan Square, Suite 2000
Philadelphia 19103-6996
215-988-2700
Timothy.odriscoll@dbr.com
Jessica.loesing@dbr.com

David L. Hecht, Esq.
Patrick A. Bradford, Esq.
Craig E. Bolton, Esq.
Pierce Bainbridge Beck Price & Hecht LLP
20 West 23rd Street, 5th Floor
New York, NY 10010
212-484-9866
dhecht@piercebainbridge.com
pbradford@piercebainbridge.com
cbolton@piercebainbridge.com

/s/ Bruce J. Chasan
_____
Bruce J. Chasan