IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Law Offices of Bruce J. Chasan, LLC and Bruce J. Chasan, Esq.<br><br>Plaintiffs<br><br>vs.<br><br>Pierce Bainbridge Beck Price & Hecht, LLP, and John M. Pierce, Esq.<br><br>Defendants | Civ. Action No. 2:18-cv-5399-AB |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION PURSUANT TO RULE 60(b)(6)
TO VACATE THE JUDGMENT AND RE-OPEN THE CASE**

Plaintiffs, by the undersigned, submit this Memorandum of Law in support of their Motion Pursuant to Federal Rule of Civil Procedure 60(b)(6) to Vacate the Judgment and Re-Open the Case.

**OVERVIEW**

In the interest of brevity, Plaintiffs incorporate their Motion Pursuant to Rule 60(b)(6) by reference, and also all exhibits and audio recordings, for explication of the factual basis.

In a nutshell, Plaintiffs' Complaint alleged that Lenwood Hamilton's approval of the settlement negotiated between the parties was not material and was a mere pretext for the Defendants to unilaterally cancel the agreement they made.

The Court, in dismissing the Complaint, disregarded Plaintiffs' averments and held that Hamilton's approval was a "condition precedent" and "material." (ECF-33 and ECF-34).  The Court denied Plaintiff's discovery motion as "moot"

1

(ECFf-35), thereby precluding the deposition of Hamilton that Plaintiffs had sought in order to obtain evidence to support the Complaint's contentions.

Plaintiffs were not at liberty to contact Hamilton directly because he was represented by the Defendants, and the Defendants had threatened Chasan with an 8-figure malpractice case on Hamilton's behalf.

But as a result of Hamilton's recent unsolicited telephone contacts to Chasan beginning 2/24/2021, Plaintiffs have learned, *inter alia*, that (a) Hamilton wants to sue Pierce for malpractice; (b) Hamilton entreated Chasan to represent him in his desired malpractice action against Pierce; (c) Hamilton never authorized Pierce or PBBPH Law to threaten Chasan with a malpractice action; (d) Hamilton was never informed by Pierce or PBBPH Law that he was required to approve a settlement between the parties; and (e) Hamilton was never shown a draft release that Chasan had sent to PBBPH Law.   Plaintiffs rely on their Motion for a full recital.

The Court was overly eager to dispose of this case.  Had the Court permitted the discovery that Plaintiffs sought, there would have been factual support for the theory of the case espoused by Plaintiffs.  In the interests of Justice, the Court should hold a suitable hearing, acknowledge its error, vacate the judgment, deny the Defendants' motion to dismiss and allow the case to proceed.

## ARGUMENT

Federal rule of Civil Procedure 60(b)(6) provides as follows:

> **(b) Grounds for Relief from a Final Judgment, Order or Proceeding.**  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons:
> ..............
>
> (6)  any other reason that justifies relief.

2

In *Klapport v. United States*, 335 U.S. 601, 608-609, 614-615 (1949), the Court noted that Rule 60(b) was amended effective March 19, 1948 with the addition of subsection (b)(6), which gave trial courts "broader power" to provide relief from judgments, and the "other reason" clause therein "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." The Court set aside a default judgment so that the petitioner there could contest his denaturalization in a fair hearing, which he had not yet had. *Id.* at 615. *See also, United States v. Backofen,* 176 F.2d 263, 265-266 (3d Cir. 1949) (same).

Case law holds that the movant in Rule 60(b)(6) motion must show "exceptional circumstances" to support a district court's decision to set aside a judgment on equitable grounds. *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977). *See also Community Dental Services v. Tani*, 282 F.3d 1164, 1167 (9th Cir. 2002) ("extraordinary circumstances" are shown where there is both injury and circumstances beyond the litigant's control that prevent proceeding in a proper fashion). The standard is one on liberality, not strictness. *Tozer v. Charles A. Krause Mill Co.*, 189 F.2d 242, 245 (3d Cir. 1951). *See also, Quevedo v. Postmaster, U.S. Postal Service*, 774 F.Supp. 837, 839 (S.D.N.Y. 1991) (Rule 60(b)(6) should be "liberally construed when substantial justice will thus be served."); *United States v. McDonald*, 86 F.R.D. 204, 208 (N.D. Ill. 1980) (apply Rule 60(b)(6) liberally to accomplish justice, citing 7 Moore's Federal Practice P 60.27(2), pp. 352 et seq.).

Plaintiffs contend that "exceptional circumstances" are clearly present in this case. To deter Attorney Chasan from seeking a legal remedy, John Pierce

3

threatened Chasan with an 8-figure malpractice action on behalf of Hamilton when Hamilton had not authorized it.  This was a violation of at least Rules 4.1 and 8.4(c) of the Pennsylvania Rules of Professional Conduct,[1] which Pierce had obliged himself to follow when he applied for *pro hac vice* admission to represent Hamilton in Hamilton's right-of-publicity case in this District just a week earlier.   Chasan had recently been discharged by Hamilton and had withdrawn his appearance.  Chasan could not ethically reach out to Hamilton because Pierce and PBBPH Law were representing Hamilton.  Chasan and BJC Law sought Hamilton's deposition in this case to support the averments in the Complaint that Hamilton's approval of the settlement was not material, and Pierce simply used the "approval" requirement as a pretext to back out of the settlement he had proposed.   Pierce, in effect, dealt himself a "Get Out of Jail Free" card.

This Court made matters worse by dismissing Plaintiffs' discovery motion and disregarding the allegations in Plaintiffs' Complaint that Hamilton's approval was not material and was simply a pretext for the Defendants' convenience.    On a motion to dismiss, the Plaintiffs' allegations are to be taken as true, but this Court wrote in the Memorandum Opinion dismissing the Complaint that Hamilton's approval was a "condition precedent" and "material."   ECF-33 at 7-8.  This Court

---

[1] "**Rule 4.1 Truthfulness in Statements to Others.**  In the course representing a client a lawyer shall not knowingly: (a) make a false statement of material fact or law to a third person....."

"**Rule 8.  Misconduct.**

It is professional misconduct for a lawyer to:

(c) engage in conduct involving dishonesty, fraud, deceit, or misrepresentation."

4

decided disputed issues of fact without an evidentiary hearing.  Furthermore, the Court should have allowed discovery to enable Plaintiffs to obtain the evidence to support their claims.  *Fowler v. UPMC Shadyside,* 578 F.3d 203, 213 (3d Cir. 2009).

But now, as a result of Hamilton's reaching out to Chasan on 2/24/2021, and the voice mails left by Hamilton, and the recorded conversations between Hamilton and Chasan, Plaintiffs *at last have the evidence* they sought to obtain before this Court dismissed the Complaint.  These are indeed "exceptional circumstances."  This is not a situation where Plaintiffs seek to be rescued from strategic choices of their own making.  *See Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 576-578 & n.4 (D.C. Cir. 1980).

While there was no trial in this case, Hamilton's information makes clear that Pierce's bargaining was infected with deceit.  Rule 60(b)(6) is an equitable rule, and equity should be invoked.  *Cf. Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244-251 (1944) (equitable power of the court to set aside a judgment fraudulently obtained); *Publicker v. Shallcross*, 106 F.2d 949, 951-952 (3d Cir. 1939) (affirming vacatur of appellant's judgment obtained by perjury; "We believe truth is more important than the trouble it takes to get it.")

5

## CONCLUSION

For the foregoing reasons, and for the reasons stated in Plaintiffs' Rule 60(b)(6) Motion (detailing Hamilton's evidence), the Court should hold a hearing on Plaintiffs' Motion, and thereafter vacate the judgment, and permit Plaintiffs' case to proceed.[2]

Respectfully submitted,

/s/ Bruce J. Chasan

_____

Bruce J. Chasan, Esq. (Atty I.D. No. 29227)
1500 JFK Boulevard, Suite 910
Philadelphia, PA 19102
215-567-4400
bjchasan@brucechasanlaw.com

*Attorney for Plaintiffs*

Date:  April 5, 2021

---

[2] Similar considerations may apply to the dismissal of the sequential case, *Law Offices of Bruce J. Chasan, LLC v. Pierce Bainbridge Beck Price & Hecht, LLP*, No. 20-cv-1338-AB (E.D. Pa. Jan. 15, 2021).  The false, unauthorized threat of a malpractice case effectively inhibited joinder of a tortious interference claim in No. 18-cv-5339-AB by amendment.  As this Court now knows, Defendants are trigger-happy to assert flimsy malpractice or misconduct claims against Don Lewis, Bruce Chasan, and/or any other person they deem has crossed them.

This Court's *res judicata* holding in No. 20-cv-1338-AB was mistaken.  However, Plaintiffs leave that argument for another day or another Rule 60(b)(6) motion.

Finally, as Chasan and Hamilton discussed, Hamilton has a Petition for Writ of Certiorari pending in the U.S. Supreme Court.   **Exh. D** at 36-38, 43.  Thus, his lawsuit is still alive, and it is premature to pronounce that he has no chance of a recovery.