IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAW OFFICES OF BRUCE J. CHASAN, LLC, and BRUCE J. CHASAN, ESQ., | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | No. 18-5399 |
| v. | : | |
| | : | |
| PIERCE BAINBRIDGE BECK PRICE & HECHT, LLP, and JOHN M. PIERCE, ESQ., | : | |
| Defendants. | : | |

**EXPLANATION AND ORDER**

Plaintiffs Law Offices of Bruce J. Chasan, LLC and Bruce J. Chasan, Esq. (collectively "Chasan") seek relief under Federal Rule of Civil Procedure 60(b) from this Court's May 2, 2019 judgment dismissing Chasan's Complaint for failure to state a claim. I deny the motion.

**I. BACKGROUND[1]**

On December 4, 2018, Chasan commenced an action against Defendants Pierce Bainbridge Beck Price & Hecht, LLP and John M. Pierce for breach of contract.[2] *See* Compl., ECF No. 1. The action related to a dispute over an alleged settlement agreement between the parties regarding the representation of Chasan's former client Leonard Hamilton. Pierce

---

[1] This matter concerns contentions between Chasan and Pierce Bainbridge that arose in the prior case of *Hamilton v. Speight*, 413 F.Supp.3d 423 (E.D. Pa. 2019), where both Chasan and Pierce Bainbridge represented Plaintiff Leonard Hamilton.

[2] Chasan also alleged a claim for "specific performance". Compl. ¶¶ 58-62. The Court analyzed Chasan's claim for "Specific Performance" as part of the claim for breach of contract requesting specific performance as a remedy. *See Law Offices of Bruce J. Chasan, LLC et al. v. Pierce Bainbridge Beck Price & Hecht, LLP, et al.*, Civil Action 2:18-cv-05399-AB, 2019 WL 1957950, at *3 (3d Cir. May 2, 2019) (citing *Cimina v. Bronich*, 537 A.2d 1355, 1357–58 (Pa. 1988)).

Bainbridge and Pierce filed a motion to dismiss. *See* Def.'s Mot., ECF No. 4.

The Court granted the motion to dismiss because Chasan failed to state a claim for breach of contract, the one claim brought in the complaint. Mem. at 5, ECF No. 33; *see also Law Offices of Bruce J. Chasan, LLC et al. v. Pierce Bainbridge Beck Price & Hecht, LLP, et al.*, Civil Action 2:18-cv-05399-AB, 2019 WL 1957950, at *3 (E.D. Pa. May 2, 2019). Chasan appealed and the Third Circuit affirmed the dismissal. *See Law Offices of Bruce J. Chasan, LLC v. Pierce Bainbridge Beck Price & Hecht, LLP*, 792 Fed.Appx 195, 196 (3d Cir. 2019).

On April 5, 2021, nearly two-years after the Court entered judgment in this case, Chasan filed a motion to vacate the dismissal and re-open the case under Federal Rule of Civil Procedure 60(b)(6). *See* Mot. for Relief Under 60(b), ECF No. 39. Chasan alleges that they received "newly discovered evidence" from a phone conversation with Hamilton that showed "deceit" by Pierce Bainbridge and Pierce during the alleged settlement discussions. *Id.* at ¶ 39 ; Pl.'s Mem. at 5, ECF No. 39-10. Chasan contends that this phone conversation and the alleged newly discovered evidence, warrant relief from the Court's dismissal of the action. *See* Pl.'s Mem. at 5.

## II. DISCUSSION

Federal Rule of Civil Procedure 60(b) provides that:

> a court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excuse; (2) newly discovered evidence . . . (3) fraud . . . (4) the judgement is void; (5) the judgment has been satisfied, released, or discharged . . . or (6) any other reason that justifies relief.

Motions brought under Rule 60(b) "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

To obtain relief from a judgment pursuant to Rule 60(b)(6), a movant must establish

"extraordinary circumstances" that justify setting aside the judgment. *Morris v. Horn*, 187 F.3d 333, 341-44 (3d Cir. 1999). Courts should only grant relief pursuant to Rule 60(b)(6) "sparingly and in circumstances where, without such relief, an extreme and unexpected hardship would occur." *Swaka v. Healtheast,* 989 F.2d 138, 140 (3d Cir. 1993).

Importantly, "Rule 60(b)(6) is not intended as a means by which the time limitations of 60(b)(1-3) may be circumvented." *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975). Instead, Rule 60(b)(6) is available for extraordinary circumstances "and only when the relief sought is based upon 'any other reason' than a reason which would warrant relief under 60(b)(1-5). *Id.* (quoting *Federal Deposit Insurance Corp. v. Alker*, 234 F.2d 113, 116-17 & n.5 (3d Cir. 1956)).

Here, Chasan invokes the catch-all provision of Rule 60(b)(6) for reasons that would warrant relief under Rule 60(b)(2) and Rule 60(b)(3). Chasan's Rule 60(b)(6) motion relies on newly discovery evidence and the alleged fraudulent and deceitful behavior of Pierce Bainbridge and Pierce. *See* Pl.'s Mem. at 5. Newly discovered evidence is a basis for relief under Rule 60(b)(2) and fraud or misconduct is a basis for relief under Rule 60(b)(3). *See* Fed. R. Civ. P. 60(b)(2), (3). Therefore, Chasan could have filed the motion under Rule 60(b)(2) or Rule 60(b)(3), where it would be subject to the one-year limitations period. *See* Fed. R. Civ. P. 60(c). Chasan cannot now fashion the motion to fit Rule 60(b)(6), when relief is more appropriate under Rule 60(b)(2) or Rule 60(b)(3). *See*

To the extent Chasan's motions relies on newly discovered evidence and alleged fraud and misconduct, the motion is untimely. The instant motion was submitted nearly two-years after the Court entered judgment in this case and well beyond the one-year time frame for Rule 60(b)(2) and Rule 60(b)(3) motions. Therefore, Chasan's motion must be denied.

## ORDER

**AND NOW**, this 26th day of August, 2021, it is **ORDERED** that Chasan's Motion for Relief Under 60(b) (ECF No. 39) is **DENIED**.

        _s/ANITA B. BRODY, J._
        ANITA B. BRODY, J.

Copies **VIA ECF**