<div align="right">**NOT PRECEDENTIAL**</div>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2804
_____

LAW OFFICES OF BRUCE J. CHASAN, LLC; BRUCE J. CHASAN, ESQ.,
Appellants

v.

PIERCE BAINBRIDGE BECK PRICE & HECHT, LLP; JOHN M. PIERCE, ESQ.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:18-cv-05399)
U.S. District Judge: Honorable Anita B. Brody
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 3, 2022
_____

Before: CHAGARES, Chief Judge, SHWARTZ and SCIRICA, Circuit Judges.

(Filed: December 6, 2022)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

**SHWARTZ**, Circuit Judge.

Bruce Chasan and his law firm ("Chasan") moved to reopen their case against John M. Pierce and his law firm, Pierce Bainbridge Beck Price & Hecht, LLP ("Pierce"), based on what Chasan contends is newly discovered evidence and alleged fraud. Because Chasan failed to bring his motion before the expiration of the one-year deadline to seek such relief, the District Court correctly denied the motion and so we will affirm.

I

A

This case arises from a contract dispute between the two law firms regarding fees for the representation of Lenwood Hamilton. Hamilton was first represented by Chasan, but after Chasan—who received no fees—advised Hamilton that his firm could not cover Hamilton's litigation expenses, Hamilton hired Pierce. Chasan contends that Pierce agreed to compensate Chasan for his earlier representation but failed to pay him. Chasan asserts that the law firms entered an agreement to settle the dispute.

In 2018, Chasan sued Pierce for breach of contract. Pierce moved to dismiss, arguing that Hamilton's consent to the settlement was a necessary term of the agreement and Hamilton withheld it. The District Court concluded that the complaint failed to allege a "meeting of the minds" as to material terms of the alleged settlement agreement, including whether Hamilton was "required to sign off on the deal," and dismissed the complaint. L. Offs. of Bruce J. Chasan, LLC v. Pierce Bainbridge Beck Price & Hecht, LLP, No. 18-CV-05399, 2019 WL 1957950, at *4 (E.D. Pa. May 2, 2019), aff'd, 792 F. App'x 195 (3d Cir. 2019).

Chasan appealed, and we affirmed in November 2019, holding that the "parties never actually reached agreement about" certain material terms, including whether Hamilton was a party to, or a third-party beneficiary of, the settlement agreement. L. Offs. of Bruce J. Chasan, LLC, 792 F. App'x at 199.

B

In April 2021, Chasan moved under Federal Rule of Civil Procedure 60(b)(6) to vacate the District Court's dismissal order and reopen the case. Chasan argued that he recently obtained new evidence, in the form of recorded telephone conversations with Hamilton, that showed Pierce's "deceit" during the alleged settlement discussions. App. 145, 237. During the calls, Hamilton allegedly stated that Pierce never consulted with him about the settlement agreement, and thus Pierce's claim that Hamilton withheld his consent was a lie. Chasan asserted that the phone calls provide evidence that Pierce fraudulently misrepresented the basis for declining to consummate the settlement.

The District Court denied the motion. See L. Offs. of Bruce J. Chasan, LLC v. Pierce Bainbridge Beck Price & Hecht, LLP, No. 18-CV-05399, 2021 WL 4619910, at *1 (E.D. Pa. Aug. 26, 2021). The Court concluded that by relying on newly discovered evidence and a purported fraud, Chasan was required to seek relief under Rule 60(b)(2) and Rule 60(b)(3)—each of which has a one-year limitations period—rather than the "catch-all" provision of Rule 60(b)(6). Id. at *2. Because Chasan brought his motion more than one year after we affirmed the dismissal order, the Court denied the motion as untimely. Id.

Chasan appeals.

3

II[1]

Chasan argues that the District Court erred in denying his motion as untimely and should have held a hearing on the motion.

A

Federal Rule of Civil Procedure 60(b) authorizes relief from a final judgment or order for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . ; (4) the judgement is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief." Relief from a judgment under Rule 60(b)(6) "is available only when Rules 60(b)(1) through (b)(5) are inapplicable." Kemp v. United States, 142 S. Ct. 1856, 1861 (2022).

In general, motions under Rule 60(b) "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Under Rule 60(c)(1), however, motions seeking relief due to mistake, newly discovered evidence, or fraud—i.e., "reasons (1), (2), and (3)"—must be brought "no more than a year after the entry of the judgment or order or the date of the proceeding." A party may not invoke Rule 60(b)(6) to circumvent this time limitation. Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975).

Chasan filed his motion over sixteen months after we affirmed the dismissal order.

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. "We review for abuse of discretion a district court's denial of a motion under Rule 60(b)(6)." Cox v. Horn, 757 F.3d 113, 118 (3d Cir. 2014). An abuse of discretion occurs where there has been "a clearly erroneous finding of fact, an erroneous conclusion of law, or an improper application of law to fact." Id.

4

Chasan's attempt to avoid the one-year time bar by invoking Rule 60(b)(6) is unavailing. Chasan's motion is explicitly predicated on "newly discovered evidence" that he claims establishes Pierce's "deceit" in the action he seeks to reopen. App. 145, 237. In particular, Chasan argues that the phone calls with Hamilton establish that Pierce misrepresented whether Hamilton withheld his consent to the settlement agreement. Chasan was thus required to move under either Rule 60(b)(2) (newly discovered evidence) or Rule 60(b)(3) (fraud), each of which is subject to the one-year limitation period, rather than the "catch-all" provision of Rule 60(b)(6), which is subject to the "reasonable time" limitation. See Kemp, 142 S. Ct. at 1861. Because Chasan's motion is based on newly discovered evidence and an alleged fraud and he filed it more than one year after we affirmed the judgment, the District Court correctly denied the motion as untimely.[2]

B

The District Court also did not abuse its discretion in declining to hold a hearing on Chasan's motion. Courts evaluate the need for a hearing on a Rule 60(b)(6) motion on a case-by-case basis. A hearing was not required here because there were no intervening changes in controlling law, cf., e.g., Satterfield v. Dist. Att'y of Phila., 872 F.3d 152, 155, 161 (3d Cir. 2017) (remanding for further proceedings on intervening Supreme Court case); Cox, 757 F.3d at 120-26 (same); Bracey v. Superintendent Rockview SCI, 986

---

[2] Because Chasan's motion is untimely, we need not revisit the merits of the underlying proceedings that Chasan seeks to reopen nor opine on the merits of Chasan's fraud claim.

5

Case: 21-2804 Document: 56-2 Page: 1 Date Filed: 04/26/2023

F.3d 274, 295-98 (3d Cir. 2021) (intervening en banc ruling), or disputed facts concerning the timing of Chasan's motion or the bases for it.[3] Thus, the District Court did not abuse its discretion in denying Chasan's request for a hearing.[4]

III

For the foregoing reasons, we will affirm the order of the District Court.[5]

---

[3] Chasan's reliance on Klapprott v. United States, 335 U.S. 601, 615 (1949), is misplaced. After deciding that the petitioner's case warranted reopening under Rule 60(b), see id. at 613-14, the Court then granted a hearing on the merits of his denaturalization, id. at 616. Thus, contrary to Chasan's argument, Klapprott does not require a hearing on Rule 60(b)(6) motions.
 The other cases Chasan cites are also inapt because in each case the hearing granted was unrelated to the Rule 60(b)(6) motion. Appellants' Br. at 50 (citing, e.g., Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976 (3d Cir. 1978) (remanding for hearing on appellants' claims where attorney failed to oppose summary judgment); Tozer v. Charles A. Krause Milling Co., 189 F.2d 242 (3d Cir. 1951) (remanding for hearing on the merits of contract dispute where movant never received notice of action before entry of default judgment)).

[4] Because we have determined that the District Court correctly denied the motion and there will be no further proceedings before the District Court, the request to reassign the case to a different District Judge is therefore moot.

[5] Pierce's motion pursuant to Federal Rule of Appellate Procedure 38 is denied. Rule 38 provides that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38. "This Court employs an objective standard to determine whether or not an appeal is frivolous," which "focuses on the merits of the appeal regardless of good or bad faith." Kerchner v. Obama, 612 F.3d 204, 209 (3d Cir. 2010) (quoting Hilmon Co. (V.I.) v. Hyatt Int'l, 899 F.2d 250, 253 (3d Cir. 1990). An appeal is considered frivolous when it is without merit or colorable arguments in support of the appeal. Hilmon, 899 F.2d at 251. Because the language of Rule 60(b)(6) is sufficiently broad, and the nature of the new evidence provided a reason to seek relief, we cannot say Chasan's appeal was so frivolous that sanctions are warranted. Chasan's motion for sanctions under 28 U.S.C. § 1927 is also denied because Pierce and his counsel have not "unreasonable and vexatiously" multiplied the proceedings.

6